Speir, J.
This case was argued before the general term, 1872, and the case and opinion are fully reported in vol. 35 of the Superior Court reports, 208 (3 Jones and Spencer).
The general term decided that the plaintiff had no interest in the rent of the premises in question, and no estate or interest in the lands.
The learned judge below gave judgment for the plaintiff, and bis decision was in accordance with the opinion of this court at general term above referred to, except awarding costs to the plaintiff.
As to these costs, he decided that no valid reason was shown why the premises should not be sold, and the proceeds applied as provided for in the agreement entered into between the defendant, Elias Ponvert and Philo S. Shelton, with the plaintiff, in 1846, and that Ponvert having contested this suit on the ground that the plaintiff had no right to institute and maintain it, and having been unsuccessful in his defense, he decided that the plaintiff was entitled to judgment against the defendant Elias Ponvert, for costs of the action, but that the costs be paid out of the proceeds of the sale, if the same were sufficient to pay all the liens and claims, exclusive of such costs, in full. If dot sufficient for that purpose, then the plaintiff may collect on the judgment of the defendant Elias Ponvert, personally, such costs.
*427 Both parties filed exceptions.
The question is, were the costs properly imposed ? Costs in a court of equity do not depend upon any statute, nor do they absolutely depend upon the determination of a cause. They rest in a sound discretion to be exercised upon a thoughtful consideration of all the circumstances. They depend upon the conscience and a satisfactory adjustment of all the merits of the case. By common consent a litigation for costs is never favored in a court of equity The learned judge who heard the case at great length at the special term, had an opportunity to ascertain and determine all the equities between the parties. It seems to me that this court ought not to control his discretion, except in case of its palpable abuse. It is quite impossible from an examination of the case to say there was any improper exercise of discretion in awarding the costs, as the learned judge has done. I agree with him there is not only no good reason shown why the premises were not sold, but I think, it was the plain duty of the defendant Ponvert to sell them in charge of his obligations i ader his contract with the plaintiff.
Judgment should be affirmed, with costs.
Sedgwick, J., concurred.
Monell, Oh. J., dissented, but rendered no opinion.